UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARYELLEN DELPLATO,

               Plaintiff,

     v.                                             **DECISION AND ORDER**

GARTH MEYERHOFF (ARAMARK),                05-CV-881S(Sr)
SONJA GONYEA (UMMC),
UNITED MEMORIAL MEDICAL CENTER,

               Defendants.

1.    Plaintiff commenced this action on December 19, 2005, alleging that Defendants discriminated against her based on her gender and disability, and discharged her in retaliation for filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), all in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Americans with Disabilities Act of 1990, as amended ("ADA"). Compl. ¶¶ 2, 10, 13, 14. Currently pending is Defendant Meyerhoff's Motion to Dismiss the Complaint in its entirety as against him.

2.    Plaintiff was employed by United Memorial Medical Center ("UMMC") in its maintenance department from August 1997 until March 11, 2005. *Id.* ¶ 19(1), (2), (35); Docket No. 11-4 at 3. Around October 1999, UMMC "hired" ARAMARK to manage the maintenance department. Compl. ¶ 19(3). Meyerhoff became Plaintiff's department manager in or about November 2000.[1] *Id.* ¶ 19(6). Thereafter, Plaintiff filed two EEOC

---

[1] According to Plaintiff, Meyerhoff was the third ARAMARK manager under whom she worked. Compl. ¶ 19(3)-(6).

1

charges complaining of discrimination in the workplace, the first on July 21, 2004 and the second on June 19, 2005.  *Id.* ¶ 10; Docket No. 11-4.  This lawsuit was commenced following Plaintiff's receipt of a right-to-sue notice relating to the second charge.  Compl. ¶ 12 and p. 12.

3. Meyerhoff argues that he must be dismissed from this action because he was not named in Plaintiff's EEOC charge and, in any event, individual managers are not subject to liability under either Title VII or the ADA.  After considering the parties' submissions, this Court will dismiss Meyerhoff from this action based on the second of his arguments.

4. There is no indication in Plaintiff's Complaint or her Response to the Motion to Dismiss that Meyerhoff is sued as anything other than her department manager/supervisor.  Indeed, Plaintiff confirms in her Response that Meyerhoff "was employed by . . . Aramark," a company "hired by UMMC to manage the Maintenance Department," and that Meyerhoff "acted on behalf of [her employer] UMMC" because he was given authority to take certain personnel actions.  Docket No. 17-1 at 2.

5. It has been more than a decade since the Second Circuit unequivocally ruled that individual defendants with supervisory control over a plaintiff cannot be held personally liable for violations of Title VII.  Tomka v. Seiler Corp., 66 F.3d 1295, 1313 (2d Cir. 1995), *abrogated on other grounds by* Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 118 S. Ct. 2257, 141 L. Ed. 2d 633 (1998); *see also*, Schiano v. Quality Payroll Sys., 445 F.3d 597, 608 (2d Cir. 2006) (no individual liability under Title VII).  Courts in this Circuit have since extended Tomka's holding to encompass ADA claims, as well.  Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001) (no individual liability under Title II

of the ADA); Murphy v. Board of Educ. of the Rochester City Sch. Dist., 273 F. Supp. 2d 292, 326 (W.D.N.Y. 2003) (Title VII and ADA).  Given that both Title VII and the ADA provide a shield from individual liability, this ground alone is sufficient to require dismissal of Plaintiff's claims against Defendant Meyerhoff.

5. In light of this conclusion, there is no need for the Court to consider Meyerhoff's argument that Plaintiff's failure to name him as a respondent in the EEOC Charge requires dismissal, or Plaintiff's opposing argument that having named Meyerhoff in her new charge questionnaire is sufficient to avoid dismissal.

6. For the reason stated above, Defendant Meyerhoff's Motion to Dismiss (Docket No. 11) is GRANTED.

SO ORDERED.

Dated:   February  16, 2007
         Buffalo, New York

                                              /s/William M. Skretny
                                             WILLIAM M. SKRETNY
                                             United States District Judge