**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

─────────────────────────────────

**MARY ELLEN DEL PLATO,**

                              **Plaintiff,**

**v.**
                                                              **05-CV-0881S(Sr)**

**GARTH MEYEROFF, SONJA GONYEA**
**and UNITED MEMORIAL MEDICAL CENTER,**

                              **Defendants.**

─────────────────────────────────

## REPORT, RECOMMENDATION AND ORDER

              This case was referred to the undersigned by the Hon. William M.

Skretny, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and

report upon plaintiff's motion for summary judgment.  Dkt. ##12, 35.


_____Currently before the Court is defendant Sonja Gonyea's motion for

summary judgment (Dkt. #25), and plaintiff's motion to strike her opposition to Ms.

Gonyea's motion for summary judgment.  Dkt. #34.[1]  For the following reasons, it is

recommended that the motions be granted.


## BACKGROUND

              Plaintiff was employed as a maintenance worker at the United Memorial

Medical Center from August 1997 through March 11, 2005.  Dkt. #23-2, p.4.  She

─────────────────────────

[1] Plaintiff's motion to amend her complaint (Dkt. #21), and for discovery (Dkt. #30), will be
addressed in a separate Decision and Order.

alleges that when Garth Meyerhoff became her supervisor in 2001, he refused to assign plaintiff work in line with her capabilities; subjected her to discipline for behavior which was overlooked when committed by male maintenance workers; made or countenanced disparaging remarks about plaintiff personally and about her ability to perform her job duties; and ultimately terminated her.  Dkt. #1.  Plaintiff also alleges that she complained about this situation to Sonya Gonyea in Human Resources.  Dkt. #1.

Plaintiff filed Charges with the Equal Employment Opportunity Commission ("EEOC"), and received a Dismissal and Notice of Suit Rights on September 20, 2005.  Dkt. #1. She commenced this action on December 19, 2005, alleging that defendants discriminated against her based on her gender and disability, and discharged her in retaliation for filing a charge of discrimination with the EEOC, all in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Americans with Disabilities Act of 1990, as amended ("ADA").  Dkt. #1.

By Decision and Order entered February 16, 2007, the Hon. William M. Skretny granted Garth Meyerhoff's motion to dismiss the action on the ground that individual defendants with supervisory control over a plaintiff cannot be held personally liable for violations of Title VII or the ADA.  Dkt. #19.

## DISCUSSION AND ANALYSIS

Defendant Sonja Gonyea moves for summary judgment dismissing her as a defendant in this action on the ground that individuals in a supervisory position over plaintiffs are not subject to liability pursuant to Title VII or the ADA.  Dkt. #25-7.  In

addition, Ms. Gonyea argues that she was not named in plaintiff's EEOC charges and is

not, therefore, an appropriate defendant.  Dkt. #25-7.  In support of her motion, Ms.

Gonyea affirms that she has been employed at the United Memorial Medical Center

since 1994 and was named Director of Human Resources in 2001.  Dkt. #25-4, ¶ 1.


> As set forth in Judge Skretny's prior Decision and Order
>
> It has been more than a decade since the Second Circuit unequivocally ruled that individual defendants with supervisory control over a plaintiff cannot be held personally liable for violations of Title VII.  Tomka v. Seiler Corp., 66 F.3d 1295, 1313 (2d Cir. 1995), *abrogated on other grounds by* Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 118 S. Ct. 2257, 141 L.Ed. 2d 633 (1998); *see also*, Schiano v. Quality Payroll Sys., 445 F.3d 597, 608 (2d Cir. 2006) (no individual liability under Title VII).  Courts in this Circuit have since extended Tomka's holding to encompass ADA claims, as well.  Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001) (no individual liability under Title II of the ADA); Murphy v. Board of Educ. of the Rochester City Sch. Dist., 273 F. Supp.2d 292, 326 (W.D.N.Y. 2003) (Title VII and ADA).

Dkt. #19, ¶ 5.  As this analysis is equally applicable to Sonja Gonyea as it was to Garth

Meyerhoff, it is recommended that defendant Sonja Gonyea's motion for summary

judgment be granted and that she be terminated as a party.


## **CONCLUSION**

Based on the foregoing, it is **RECOMMENDED** that defendant Sonja

Gonyea's motion for summary judgment (Dkt. #25), be **GRANTED** and that she be

terminated as a party to this action.  As a result of this determination, plaintiff's motion

to strike her opposition to defendant Gonyea's motion for summary judgment should be

**DENIED AS MOOT**.  Dkt. #34.

Accordingly, pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  Failure to

comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of
Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report,
Recommendation and Order), may result in the District Judge's refusal to consider the
objection.

The Clerk is hereby directed to send a copy of this Order and a copy of
the Report and Recommendation to counsel for the parties.

**SO ORDERED.**

DATED:      Buffalo, New York
            February 12, 2008

**S/ H. Kenneth Schroeder, Jr.**
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**