**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**MARY ELLEN DEL PLATO,**

                      **Plaintiff,**                    05-CV-0881S(Sr)

v.

**GARTH MEYEROFF, SONJA GONYEA**
**and UNITED MEMORIAL MEDICAL CENTER,**

                      **Defendants.**

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1)(A), for all pretrial matters, and for hearing and disposition of all non-dispositive motions or applications. Dkt. #12.

Currently before the Court is plaintiff's motion to amend her complaint (Dk.t #21), and for discovery. Dkt. #30.[1] For the following reasons, plaintiff's motion to amend her complaint is denied and her motion for discovery is denied without prejudice.

---

[1] Defendant Sonja Gonyea's motion for summary judgment (Dkt. #25), and plaintiff's motion to strike her opposition to Ms. Gonyea's motion for summary judgment (Dkt. #34), will be addressed in a separate Report, Recommendation and Order.

**BACKGROUND**

Plaintiff was employed as a maintenance worker at the United Memorial Medical Center from August 1997 through March 11, 2005. Dkt. #23-2, p.4. She alleges that when Garth Meyerhoff became her supervisor in 2001, he refused to assign plaintiff work in line with her capabilities; subjected her to discipline for behavior which was overlooked when committed by male maintenance workers; made or countenanced disparaging remarks about plaintiff personally and about her ability to perform her job duties; and ultimately terminated her. Dkt. #1. Plaintiff also alleges that she complained about this situation to Sonya Gonyea in Human Resources. Dkt. #1.

Plaintiff filed Charges with the Equal Employment Opportunity Commission ("EEOC"), and received a Dismissal and Notice of Suit Rights on September 20, 2005. Dkt. #1. She commenced this action on December 19, 2005, alleging that defendants discriminated against her based on her gender and disability, and discharged her in retaliation for filing a charge of discrimination with the EEOC, all in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Americans with Disabilities Act of 1990, as amended ("ADA"). Dkt. #1.

By Decision and Order entered February 16, 2007, the Hon. William M. Skretny granted Garth Meyerhoff's motion to dismiss the action on the ground that individual defendants with supervisory control over a plaintiff cannot be held personally liable for violations of Title VII or the ADA. Dkt. #19. In a Report, Recommendation and Order filed contemporaneously with this Decision and Order, the Court

recommends that defendant Sonja Gonyea also be dismissed as a party to this action on the ground that individual defendants with supervisory control over a plaintiff cannot be held personally liable for violations of Title VII or the ADA.

## DISCUSSION AND ANALYSIS

Plaintiff moves to amend her complaint to include Brenda McGee, the Maintenance Department Coordinator, as a defendant. Dkt. #21.[2] Plaintiff alleges that Ms. Magee violated the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), by disclosing plaintiff's private medical information to her coworkers and that Ms. McGee coerced coworkers to complain about plaintiff when plaintiff raised her voice, resulting in disciplinary action against plaintiff. Dkt. ##21 & 29. Plaintiff also alleges that Ms. McGee tolerated inappropriate behavior from male coworkers, stating it's "expected from men." Dkt. #21.

Defendants oppose this amendment as futile on the grounds that: (1) Ms. McGee may not be held personally liable under Title VII or the ADA; (2) there is no private right of action under HIPAA; (3) Ms. McGee is not a "covered entity" subject to the HIPAA Privacy Rule; and (4) Ms. McGee was not named in the EEOC Charge, and cannot, therefore, be named as a party in this action. Dkt. #24.

---

[2] Although plaintiff subsequently requested "to rescind [her] amendment to include Ms. McGee in [her] lawsuit," (Dkt. #30), the Court will address the original motion on the merits.

**Leave to Amend the Complaint - Fed.R.Civ.P 15(a)**

Fed. R. Civ. P. 15(a) provides that a party may amend a pleading by leave of court or by written consent of the adverse party. Leave to amend is to be "freely granted" unless the party seeking leave has acted in bad faith, there has been an undue delay in seeking leave, there will be unfair prejudice to the opposing party if leave is granted, or the proposed amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); Fed. R. Civ. P.15(a). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). "Absent a showing that significant additional discovery burdens will be incurred or that the trial of the matter will be significantly delayed, amendment should be permitted." *W.R. Grace & Co. v. Zotos Int'l, Inc.*, 2000 WL 1843282 (W.D.N.Y. 2000). The decision to grant or deny a motion for leave to amend a pleading is within the discretion of the district court. *Foman,* 371 U.S. at 182.

**Leave to Add Defendants - Fed.R.Civ.P 21**

Although Fed. R. Civ. P. 15(a) generally governs the amendment of complaints, where the proposed amendment seeks to add new defendants, Fed. R. Civ. P. 21 governs. *Rush v. Artuz,* 2001 WL 1313465, at *5 (S.D.N.Y. 2001). Rule 21 states that "[p]arties may be . . . added by order of the court on motion of any party . . . at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21. "In

deciding whether to allow joinder, the Court is guided by the same standard of liberality afforded to motions to amend pleadings under Rule 15." *Rush*, 2001 WL 1313465, at *5 (internal quotation omitted); *see Clarke v. Fonix Corp.,* 1999 WL 105031, at *6 (S.D.N.Y. March 1, 1999)*, aff'd* 199 F.3d 1321 (2d Cir. 1999).

**Brenda McGee**

As set forth in Judge Skretny's prior Decision and Order

> It has been more than a decade since the Second Circuit unequivocally ruled that individual defendants with supervisory control over a plaintiff cannot be held personally liable for violations of Title VII. Tomka v. Seiler Corp., 66 F.3d 1295, 1313 (2d Cir. 1995), *abrogated on other grounds by* Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 118 S. Ct. 2257, 141 L.Ed. 2d 633 (1998); *see also*, Schiano v. Quality Payroll Sys., 445 F.3d 597, 608 (2d Cir. 2006) (no individual liability under Title VII). Courts in this Circuit have since extended Tomka's holding to encompass ADA claims, as well. Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001) (no individual liability under Title II of the ADA); Murphy v. Board of Educ. of the Rochester City Sch. Dist., 273 F. Supp.2d 292, 326 (W.D.N.Y. 2003) (Title VII and ADA).

Dkt. #19, ¶ 5. Thus, the Court agrees that it would be futile to permit plaintiff to amend her complaint to assert a claim against Brenda McGee individually.

**HIPAA**

HIPAA was enacted to protect the confidentiality of protected health information maintained by covered entities. 45 C.F.R. § 164.500(a). Covered entities include health plans, health care clearinghouses, and health care providers who

transmit health information in electronic format.  42 U.S.C. § 1320d-1.  Plaintiff's claim against Brenda McGee, in contrast, is that the Coordinator of the Maintenance Department learned of plaintiff's medical condition from plaintiff and then disclosed that information to plaintiff's co-workers.  Dkt. #29.  Even if such a claim was encompassed by HIPAA, case law is consistent that "HIPAA does not provide a private cause of action, but merely provides an enforcement mechanism for the Secretary of Health and Human Services to enforce the Act."  *Pierre v. County of Broome*, No. 05-CV-332, 2007 WL 625978, at *9 (N.D.N.Y. Feb. 23, 2007) (internal quotation omitted) (collecting cases), *citing Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006) ("Every district court that has considered this issue is in agreement that the statute does not support a private right of action.").  Thus, it would be futile to permit plaintiff to amend her complaint to assert a HIPAA cause of action.

**<u>Discovery</u>**

Plaintiff moves for discovery of her performance evaluations.  Dkt. #30.  However, it does not appear as though plaintiff has requested these documents from the United Memorial Medical Center in the ordinary course of discovery.  The Court notes that because of pending motions, it has not yet conducted a preliminary pretrial conference or enacted a Case Management Order setting deadlines for discovery in this action.  As a result, plaintiff's motion will be denied without prejudice so that the parties can engage in discovery in the ordinary course of litigation.

**CONCLUSION**

For the foregoing reasons, it is hereby **ORDERED** that plaintiffs' motion to amend the complaint (Dkt. #21), is **DENIED** and that plaintiff's motion for discovery (Dkt. #30), is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED.**

DATED:   Buffalo, New York
         February 12, 2008

                                    **S/ H. Kenneth Schroeder, Jr.**
                                    **H. KENNETH SCHROEDER, JR.**
                                    **United States Magistrate Judge**